Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Suite 1202
New York, New York 10005
mfc@caseybarnett.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

DAN-BUNKERING (AMERICA), INC. and
A/S DAN-BUNKERING LTD.,                    19 Civ.

                       Plaintiffs,

                                               **COMPLAINT**

-against-

KAMCA TRADING S.A.,

                       Defendant.
------------------------------------------------------X

Plaintiffs DAN-BUNKERING (AMERICA), INC. and A/S DAN-BUNKERING LTD., by their attorneys, CASEY & BARNETT, LLC, as and for their Complaint against defendant, KAMCA TRADING S.A. ("KAMCA"), allege upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract, breach of warranty, misrepresentation, and negligence, based on Defendant KAMCA's sale, provision, and delivery of unsuitable, substandard, defective, contaminated, unfit, non-conforming, and off-specification bunker fuel to the M/V PANORIA (the "Vessel"). The bunker fuel was provided pursuant to a contract entered into by KAMCA with Plaintiffs (the "Contract") on or about May 15, 2018. Plaintiffs, in turn, entered into a May 23, 2018 contract for the supply of the same bunker fuel with the charterers of the Vessel, non-party Hudson Shipping Lines, Inc. Upon information and belief, this bunker fuel caused significant damage and performance problems to the Vessel, and the charterers have

commenced London arbitration against Plaintiffs by way of a Notice of Arbitration sent on November 14, 2018. Plaintiffs hereby seek full indemnity from KAMCA for any damages which Plaintiffs may incur to the charterers or any other parties in connection with the bunker fuel supplied by KAMCA, and for any costs incurred (including attorneys' fees) in this proceeding.

## THE PARTIES

2. Plaintiff DAN-BUNKERING (AMERICA) INC. is a corporation organized and existing under the laws of the state of Texas, with a principal place of business at 840 Gessner Road, Suite 210, Houston, Texas 77024.

3. Plaintiff A/S DAN-BUNKERING LTD. is a Danish corporation with a principal place of business at Strandvejen 5, 5500 Middelfart, Denmark, and at all relevant times was the corporate parent of Plaintiff DAN-BUNKERING (AMERICA) INC.

4. Upon information and belief, Defendant KAMCA is a company organized and existing under the laws of Switzerland, with a principal place of business at Rue des Pilettes 1, Fribourg, 1700, Switzerland.

## JURISDICTION AND VENUE

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

commenced London arbitration against Plaintiffs by way of a Notice of Arbitration sent on November 14, 2018. Plaintiffs hereby seek full indemnity from KAMCA for any damages which Plaintiffs may incur to the charterers or any other parties in connection with the bunker fuel supplied by KAMCA, and for any costs incurred (including attorneys' fees) in this proceeding.

## THE PARTIES

2. Plaintiff DAN-BUNKERING (AMERICA) INC. is a corporation organized and existing under the laws of the state of Texas, with a principal place of business at 840 Gessner Road, Suite 210, Houston, Texas 77024.

3. Plaintiff A/S DAN-BUNKERING LTD. is a Danish corporation with a principal place of business at Strandvejen 5, 5500 Middelfart, Denmark, and at all relevant times was the corporate parent of Plaintiff DAN-BUNKERING (AMERICA) INC.

4. Upon information and belief, Defendant KAMCA is a company organized and existing under the laws of Switzerland, with a principal place of business at Rue des Pilettes 1, Fribourg, 1700, Switzerland.

## JURISDICTION AND VENUE

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

6. This Court has personal jurisdiction over KAMCA because, among other things, pursuant to the terms of the Contract with plaintiffs (see copy of KAMCA General Terms and Conditions of Sale attached hereto as Exhibit A), KAMCA has consented to exclusive jurisdiction in the United States District Court for the Southern District of New York for litigation of any disputes relating to the Contract, and has thereby waived any available jurisdictional defenses based on lack of personal jurisdiction, improper venue, or forum non conveniens for claims related to the Contract.

7. Venue is proper based on 28 U.S.C. § 1391(c)(3) because KAMCA is a foreign entity that does not reside within the United States, and because KAMCA has consented to exclusive jurisdiction before the United States District Court for the Southern District of New York and thereby waived any available jurisdictional defenses based on lack of personal jurisdiction, improper venue, or forum non conveniens for claims related to the Contract.

## FACTS

8. On or about May 15, 2018, Plaintiffs as Buyer, entered into the Contract with KAMCA, as Seller, by which KAMCA agreed to supply approximately 1,175 metric tons of bunker fuel to the Vessel.

9. On or about May 23, 2018, Plaintiffs as seller, entered into a contract with the charterers of the Vessel, non-party Hudson Shipping Lines, Inc., as buyer, for the supply of bunker fuel to the Vessel.

10. On or about May 25, 2018, a barge hired by KAMCA delivered approximately 1,175 metric tons of unsuitable, substandard, defective, contaminated, unfit, non-conforming, and off-specification bunker fuel (hereinafter "Bad Fuel") to the Vessel while she was alongside Balboa Anchorage in Panama. On that same day a Bunker Delivery Receipt was issued memorializing the delivery of the Bad Fuel to the Vessel. A copy of the Bunker Delivery Receipt is annexed hereto as Exhibit B.

11. Upon information and belief, KAMCA produced, manufactured, stored, sold, supplied, and/or delivered the Bad Fuel.

12. Upon information and belief, on June 1, 2018, the Vessel first used the Bad Fuel.

13. Upon information and belief, the Vessel's use of the Bad Fuel began to cause significant damage and performance problems to the Vessel.

14. On July 10, 2018, the charterers first put Plaintiffs on notice of a claim for damages relating to the Bad Fuel. Plaintiffs, in turn, provided notice of the claim to KAMCA, who immediately acknowledged receipt of said notice.

15. Upon information and belief, on or about July 11, 2018, the Vessel was required to be towed to Singapore as a result of the performance problems caused by the Bad Fuel.

16. Upon information and belief, on or about August 8, 2018, the Bad Fuel was removed from the Vessel.

17. Plaintiffs have submitted their demand to KAMCA with respect to the damages incurred by KAMCA's failure to sell and supply bunker fuel meeting the proper and contracted specifications. However, despite this demand, KAMCA has not compensated Plaintiffs for its losses or accepted responsibility for Plaintiffs' potential liability to the charterers.

18.     Plaintiffs were without fault in causing and/or contributing to the damages asserted in this Complaint. The contamination of the bunker fuel was legally caused solely by the acts, omissions, or other conduct of KAMCA, or by its breaches of the applicable contract and negligent acts or failures to act. The source of all damages, costs, and expenses incurred by Plaintiffs is KAMCA's provision of unsuitable, substandard, defective, contaminated, unfit, nonconforming, off-specification bunker fuel.

19.     Plaintiffs have complied with all conditions precedent to the maintenance of all causes of action asserted in this proceeding.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

20.     Plaintiffs repeat, reiterate and re-allege each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

21.     KAMCA is engaged in the business of selling, marketing, transporting, and/or otherwise providing marine fuels to customers. By virtue of its Contract with Plaintiffs, KAMCA agreed to provide bunker fuel to the Vessel which was to meet certain identifiable and industry-standard specifications. In particular, the contractual recap specified that the fuel was to comply with ISO8217:2010 standards, which provide:

> 5.3     Fuels shall be free from any material that renders the fuel unacceptable for use in marine applications
>
> 5.5     The fuel shall not contain any additive at the concentration used in the fuel, or any added substance or chemical waste that
>
>> (a) jeopardizes the safety of the ship or adversely affects the performance of the machinery; ...

22.     However, KAMCA provided bad bunker fuel to the Vessel that was out of specification, unsuitable, substandard, defective, and/or contaminated in breach of contract.

- 5 -

23. The foregoing acts or failures to act as contracted by KAMCA proximately caused significant damages to Plaintiffs. Plaintiffs hereby seek recovery of all damages, costs, expenses, interest, and attorneys' fees that have been or may be incurred as a result of KAMCA's contractual breaches.

## SECOND CAUSE OF ACTION
### (Breach of Warranties/Misrepresentation)

24. Plaintiffs repeat, reiterate and re-allege each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

25. KAMCA warranted that the bunker fuel would meet certain identifiable and industry-standard specifications. However, KAMCA provided to and loaded aboard the Vessel Bad Fuel that was out of specification, unsuitable, substandard, defective, and/or contaminated in breach of express warranties made and owed by KAMCA to Plaintiffs.

26. Additionally, KAMCA's provision and loading of Bad Fuel that was out of specification, unsuitable, substandard, defective, and/or contaminated aboard the Vessel constitutes a breach of implied warranties, including but not limited to quality and/or fitness for purpose and freedom from harmful defects, made and owed by KAMCA to Plaintiffs.

27. Alternatively, KAMCA's provision to and loading aboard the Vessel of Bad Fuel that was out of specification, unsuitable, substandard, defective, and/or contaminated constitutes a material misrepresentation by KAMCA to Plaintiffs as to the quality and/or fitness for purpose of the fuel, which was relied upon by Plaintiffs to their detriment. KAMCA knew, or should have known, about the unsuitable, substandard, defective, and/or contaminated condition of the bad fuel. Plaintiffs are entitled to relief from the intentional and/or negligent misrepresentation of the quality and nature of the bad fuel.

28. The Bad Fuel provided by KAMCA to the Vessel was not of the quality or condition expressly or impliedly warranted by KAMCA's description, but was defective as described above.

29. Alternatively, KAMCA misrepresented the quality, specification, and/or suitability of the Bad Fuel.

30. Plaintiffs seek recovery of all damages, costs, expenses, interest, and attorneys' fees that have been or may be incurred as a direct result of KAMCA's conduct.

## THIRD CAUSE OF ACTION
### (Negligence)

31. Plaintiffs repeat, reiterate and re-allege each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

32. KAMCA's provision to and loading of Bad Fuel aboard the Vessel that was out of specification, unsuitable, substandard, defective, and/or contaminated constitutes negligence, gross negligence and wanton disregard.

33. KAMCA owed a duty to Plaintiffs to act non-negligently by loading only suitable fuel aboard the Vessel, and to ensure the fuel loaded upon the Vessel was industry-standard, not defective, and not contaminated. KAMCA's failure to do so constitutes negligence, gross negligence and/or wanton disregard and KAMCA's breach of its duty proximately caused damages to Plaintiffs and to the receiving Vessel and other related expenses.

34. Plaintiffs seek recovery of all damages, costs, and expenses that have been or may be incurred as a result of KAMCA's conduct.

## DAMAGES

35. Plaintiffs repeat, reiterate and re-allege each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

36.     Upon information and belief, as a result of the acts or failures to act by KAMCA, out of specification, unsuitable, substandard, defective, contaminated, and/or Bad Fuel was delivered to the Vessel, resulting in significant physical damage, loss of use, fees, and other expenses arising from the Vessel's use of the bad fuel supplied by KAMCA.

37.     Plaintiffs hereby seek recovery for any loss, damage or liability incurred by Plaintiffs in respect to the provision of bad fuel to the Vessel, including, but not limited to, damage to the Vessel, the cost of replacement fuel, survey and inspection fees, chemical analysis fees, downtime, loss of use/revenue, cleaning and disposal expenses, administrative and overhead costs, expert fees, as well as pre-judgment and post-judgment interest, attorneys' fees, costs of suit, and all other damages, costs, and expenses arising from the matters complained of herein.

**WHEREFORE**, Plaintiffs DAN-BUNKERING (AMERICA) Inc. and A/S DAN-BUNKERING LTD. pray:

a.      that judgment be entered in favor of Plaintiffs on its causes of action herein against Defendant KAMCA TRADING S.A., together with attorneys' fees, costs, and disbursements of this action; and

b.  that judgment be entered in favor of Plaintiffs for such other and further relief as the Court deems just and proper.

May 24, 2019
New York, New York
532-01

                            **CASEY & BARNETT LLC**
                            Attorneys for Plaintiffs

By: _____
                            Martin F. Casey
                            Gregory G. Barnett
                            305 Broadway, Suite 1202
                            New York, New York 10005
                            (212) 286-0225
                            mfc@caseybarnett.com
                            ggb@caseybarnett.com